| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 9/29/2022 |
| LINDSAY TAYLOR TIPOGRAPH,<br><br>      Plaintiff,<br><br>-against-<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | 20-cv-9136 (MKV)(VF)<br><br>OPINION & ORDER<br>ADOPTING REPORT AND<br>RECOMMENDATION |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Lindsay Taylor Tipograph filed this action, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits and Supplemental Security Income [ECF No. 1]. The Court referred the case to the designated magistrate judge [ECF No. 6]. The parties filed cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [ECF Nos. 17, 18 ("Pl. Mem."), 24, 25 ("Comm'r Mem.")].

  In her motion for judgment on the pleadings, Ms. Tipograph argues that the Administrative Law Judge ("ALJ") (1) failed to properly evaluate the medical opinion evidence, and (2) failed to properly evaluate Ms. Tipograph's subjective statements. *See* Pl. Mem. at 19–33. The Commissioner responds that substantial evidence supports the ALJ's determinations.

  Magistrate Judge Valerie Figueredo issued a Report and Recommendation [ECF No. 27 ("R&R")]. She recommends that Ms. Tipograph's motion for judgment on the pleadings be denied and that the Commissioner's motion be granted. R&R at 1, 34. Ms. Tipograph timely filed objections to the Report and Recommendation [ECF No. 28 ("Pl. Obj.")]. Specifically, she objects that the ALJ (1) failed to properly evaluate the medical opinion evidence, and (2) failed to properly

1

evaluate Ms. Tipograph's subjective statements. *See* Pl. Obj. at 1, 18. The Commissioner filed a response in opposition to those objections [ECF No. 31].

The pertinent facts and procedural history of this case are set forth in detail in the Report and Recommendation and the parties' briefs. For the reasons set forth below, Magistrate Judge Figueredo's thorough, well-reasoned, and well-supported Report and Recommendation is ADOPTED in its entirety. Ms. Tipograph's motion for judgment on the pleadings is DENIED. The Commissioner's motion is GRANTED.

## I. STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a portion of a report and recommendation, a district court "shall make a *de novo* determination" with respect to the proposed finding or conclusion. However, when a party's objections merely "rehash[] the same arguments set forth in the original" motion, courts in this district review a report and recommendation for clear error. *Barthelemy v. Comm'r of Soc. Sec.*, 2020 WL 1528479, at *1 (S.D.N.Y. Mar. 31, 2020) (citing *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)).

Ms. Tipograph's objections rehash precisely the same arguments set forth in her original motion. Indeed, she repeats lines from her original motion word for word. *Compare, e.g.*, Pl. Obj. at 4 (reciting a block quote about cycles of improvement and decline in mental health and stating, "Ms. Tipograph's medical history fits that quotation comfortably"), *with* Pl. Mem. at 24 (same). Ms. Tipograph acknowledges that her objections "address the same issues raised in Plaintiff's opening brief," but, she asserts, "they cannot be rejected simply because they were already considered by the Magistrate Judge." Pl. Obj. at 1 n.1.

As outlined above, a district court may never reject arguments "simply because they were already considered by the Magistrate Judge." Pl. Obj. at 1 n.1. Rather, the Court may review the Report and Recommendation for plain error because, as Ms. Tipograph concedes, her objections simply restate the criticisms of the ALJ she raised in her motion for judgment on the pleadings, rather than identifying any error in the Report and Recommendation. *See Barthelemy*, 2020 WL 1528479, at *1; *Ortiz*, 558 F. Supp. 2d at 451.

In any event, applying *de novo* review, the Court agrees with the reasoning and conclusions in the Report and Recommendation. As Magistrate Judge Figueredo explained, judicial review of the final decision of the Commissioner "is limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and citations omitted). The substantial evidence standard is "very deferential." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). In no event does a district court "determine *de novo* whether [a claimant] is disabled" within the meaning of the Social Security Act. *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, a district court "must be careful not to substitute its own judgment for that of the Commissioner, even if it might justifiably have reached a different result upon a *de novo* review." *DeJesus v. Astrue*, 762 F. Supp. 2d 673, 683 (S.D.N.Y. 2011) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

## II.     DISCUSSION

As noted above, Ms. Tipograph objects to the ALJ's treatment of the medical opinion evidence in this case. In particular, Ms. Tipograph contends that the ALJ "disregard[ed]" or gave insufficient deference to the expertise of a psychiatrist, Dr. Alper, and a therapist, Ms. Schneer, and that the ALJ failed to articulate his reasoning with respect to the consistency and supportability

of their medical opinions.  Pl. Mem. at 21; *see* Pl. Obj. at 3.  The Court agrees with Magistrate Judge Figueredo that Ms. Tipograph's arguments lack merit.  *See* R&R at 24–32.

Under the applicable regulations, the ALJ was required to consider all medical opinions and evaluate each opinion's persuasiveness based on: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) any other factor that "tend[s] to support or contract a medical opinion."  20 C.F.R. § 404.1520c(a)-(c).  The ALJ was required to explain how he considered the two most important factors, supportability and consistency.  *See id*; *Aguirre v. Saul*, 2021 WL 4927672, at *7 (S.D.N.Y. Oct. 22, 2021).

The ALJ explained his findings that Dr. Alper's and Ms. Schneer's opinions about the extent of Ms. Tipograph's limitations were not supported by or consistent with medical evidence showing that her emotional difficulties "improved" with treatment and medication.  R. at 33.  The ALJ also cited Ms. Tipograph's ability to "function well enough to address her personal needs, do babysitting," and, at one point, "work with a vocal coach."  R. at 33.  Substantial evidence in the record supports the ALJ's determination, including treatment notes and Ms. Tipograph's own statements reflecting that her mood and symptoms improved with medication and that she was able to go out to walk her dog, go to doctors' appointments, care for her pets and take them to the veterinarian, babysit, work with a vocal coach, complete household chores, and travel by herself when she had Xanax with her.  *See* R. at 314–317; *see also* R&R at 24–26.

In both her original motion and her objections, Ms. Tipograph argues the medical evidence shows that she experienced only "slight" and "temporary" improvements and then returned to her baseline or experienced worse symptoms, which, she argues, is common with mental illness.  Pl. Obj. at 4; Pl. Mem. at 24.  Ms. Tipograph further argues that her ability to take care of personal

4

needs "does not contradict a finding of mental disability." Pl. Obj. at 2; Pl. Mem. at 25. She argues the "ALJ is a layman" who should have deferred to her doctors. Pl. Obj. at 3.

In other words, Ms. Tipograph disagrees with the ALJ's evaluation of the medical opinion evidence and the Commission's judgment that she is not disabled. But the ALJ properly evaluated the conflicting evidence in the record. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). The Court cannot review the evidence *de novo* and reach its own judgment. *DeJesus*, 762 F. Supp. 2d at 683. Rather, as Magistrate Judge Figueredo explained in the Report and Recommendation, the ALJ's determination must be upheld because it is supported by substantial evidence, even if other evidence in the record may support a contrary conclusion. R&R at 28 (citing *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008); *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) ("Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.").

Similarly, Ms. Tipograph argues in both her motion and her objections that the ALJ failed to properly evaluate her subjective statements about the severity of her limitations. Pl. Obj. at 18–20; Pl. Mem. 30–33. Ms. Tipograph asserts that the ALJ rejected her detailed testimony without sufficient explanation. But the ALJ explained that Ms. Tipograph's "self imposed restrictions" were "not fully supported by the medical evidence" and were "inconsistent with some of her own actions." R. at 31. He discussed her testimony and the record evidence in detail. R. at 28–29, 31–33. The Court cannot simply second-guess the ALJ's credibility determination. *See Stanton v. Astrue*, 370 F. App'x 231, 234 (2d Cir. 2010).

### III.  CONCLUSION

The Court has reviewed the parties' cross-motions for summary judgment, the Report and Recommendation, Ms. Tipograph's objections, and the Commissioner's response. The Court has

applied *de novo* review in response to Ms. Tipograph's objections, and the Court agrees with Magistrate Judge Figueredo in all respects. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety. Ms. Tipograph's motion for judgment on the pleadings [ECF No. 17] is DENIED. The Commissioner's motion [ECF No. 24] is GRANTED. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Date: **September 29, 2022**
      **New York, NY**

                                            **MARY KAY VYSKOCIL**
                                            **United States District Judge**